UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FIDEL MORA-GUERRA,**

        **Plaintiff,**

        v.                            Case No. 17-CV-1593

**KENOSHA COUNTY DETENTION
CENTER MEDICAL STAFF,** *et al.***,**

        **Defendants.**

---

### ORDER

---

Plaintiff Fidel Mora-Guerra, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated. He also filed a motion for leave to proceed without prepayment of the filing fee. This order resolves that motion and screens his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On December 1, 2017, the court ordered Mora-

Guerra to pay an initial partial filing fee of $40.41. Mora-Guerra paid that fee on December 11, 2017. Accordingly, the court will grant Mora-Guerra's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Mora-Guerra is currently in Immigration and Customs Enforcement (ICE) custody at the Kenosha County Detention Center (KCDC). He has nerve damage in his left arm due to a "traumatic brachial plexus injury."

Before his confinement at the KCDC, Mora-Guerra was briefly confined at the Kenosha County Jail. He alleges that on September 9, 2017, while confined at the jail, he put in a request to see "medical" and was taken to see the nurse. Mora-Guerra took a paper from his doctor to show it to the nurse. When the nurse read the letter, she told Mora-Guerra that the letter was outdated and denied him medication. He was unable to sleep due to the pain in his arm.

Mora-Guerra alleges that on September 22, 2017, defendant C.O. John Doe told him to pack up his things because he was being transferred to KCDC. The next day he put in a request to see the doctor because of the pain he was experiencing. Having received no response, he went on a food strike. Eventually, he went to a correctional officer and told him that he was experiencing a lot of pain. After telling Mora-Guerra he would have to wait for the "medical call" to take him "there" (presumably to see the nurse), the correctional officer called the "medical clinic" and the nurse brought Mora-

Guerra two ibuprofen. The ibuprofen did not relieve his pain and Mora-Guerra still could not sleep.

The next day, despite speaking with Sergeant Simpson (the supervisor of ICE inmates), Mora-Guerra still did not receive any medication. He was going on five days without sleep. On September 24, 2017, Mora-Guerra was again denied medication. He may have seen defendant NP Josephs, but that is not entirely clear from the complaint. Mora-Guerra was on the sixth day of his food strike. He kicked the door of his cell and told the correctional officer on duty, C.O. Munoz, that he needed medication. Munoz called Sergeant Naef and Mora-Guerra was sent to segregation for three days. When Munoz returned to Mora-Guerra's cell, she saw that Mora-Guerra was on the floor of his cell seizing. A nurse arrived and two correctional officers helped place a blanket under Mora-Guerra's head and told him that he had to eat. He was given a Gatorade; the nurse and Naef told Mora-Guerra that they would help him. The help "never came."

Mora-Guerra began eating the next day, September 25, 2017, when a nurse promised that she would get him medication. Mora-Guerra alleges that the medication the nurse gave him was "not strong enough to control the pain." Mora-Guerra begged his "deportation officer," Del Rivero, to help him.

On October 6, 2017, Mora-Guerra saw a doctor, who told him that she could not give him the medication he wanted because it is "very strong." She also told him that

"you are lucky that you can get some pills." Mora-Guerra alleges that the pain is "living torture," and he has to tie socks around his arm to try to keep the nerve "warm." It seems that NP Josephs told Mora-Guerra that the medication could take two to three weeks to take "full action," but Mora-Guerra saw no results after that time.

*The Court's Analysis*

A detainee's claim of inadequate medical care is a Due Process claim but it is analyzed in the same way as a prisoner's claim under the Eighth Amendment complaining that officials were deliberately indifferent. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). Jail officials violate the proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id.*; *see also Belbachir v. County of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013) (explaining that an inmate detained by federal immigration authorities is in the same position as a lawfully arrested pretrial detainee and is entitled to the protection of the Fourteenth Amendment). Mora-Guerra's complaint alleges sufficient facts to state a claim that NP Josephs, Del Rivero, and Sergeant Simpson were deliberately indifferent to his medical needs.

Mora-Guerra also sues Kenosha County Detention Center Medical Staff, which is not a proper defendant. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Naming the staff as a whole does not satisfy the requirement that a defendant be personally involved in the alleged deprivation. Mora-Guerra does, however, mention a nurse and a doctor that he does not name as a defendant (or in his complaint). The court will give him an opportunity to amend his complaint to name these individual defendants if he wishes. If Mora-Guerra is unsure of their names, he may sue them as Doe defendants until he has an opportunity to engage in discovery and learn their identities.

If Mora-Guerra wishes to amend his complaint to proceed against the individuals on the KCDC health staff who he alleges have deprived him medical care, he must do so by **March 12, 2018**. Mora-Guerra is advised that the amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda* the appellate court emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). As noted above, Mora-Guerra's

complaint states a claim against NP Josephs, Del Rivero, and Sergeant Simpson in its current state. He should be sure to include the allegations against them in an amended complaint should he choose to file one.

If Mora-Guerra files an amended complaint the court will screen it pursuant to 28 U.S.C. § 1915A. If Mora-Guerra chooses to proceed with his lawsuit using the current complaint, he should notify the court of his intent to do so by the **March 12, 2018** deadline.

**ORDER**

**IT IS THEREFORE ORDERED** that Mora-Guerra's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 12, 2018**, Mora-Guerra shall either file an amended complaint curing the defects in the original complaint as described herein or notify the court that he does not wish to file an amended complaint.

**IT IS ALSO ORDERED** that the agency having custody of Mora-Guerra shall collect from his institution trust account the **$309.59** balance of the filing fee by collecting monthly payments from the prisoner's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Mora-Guerra is

transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Mora-Guerra's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Mora-Guerra shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Mora-Guerra is advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of February, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge